IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>    vs.<br><br><br>ANDREA LAVELLE VICKERS,<br><br>                    Defendant. | Case Nos. 3:11-cr-00063-JKS<br>               3:20-cv-00116-JKS<br><br>MEMORANDUM DECISION |

On September 29, 2011, Andrea Lavelle Vickers entered a plea of guilty to one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g). Docket No. 45. Now pending before the Court is Vickers' *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Docket No. 82 ("Petition"). In the Petition, Vickers challenges his 2012 conviction on the grounds that: 1) plea counsel rendered ineffective assistance; 2) the Government committed misconduct in obtaining his plea; 3) he was deprived of due process because he was unaware of the elements of the charged offense when he entered his guilty plea; and 4) he is actually innocent of the crime to which he pled. *Id.* The Government opposes Vickers' Petition, Docket No. 91, and Vickers has not replied.

I. BACKGROUND/PRIOR PROCEEDINGS

On July 19, 2011, the Grand Jury returned an indictment against Vickers that included one count of Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1). Docket

-1-

No. 1 (Charge 2). The indictment recites as the predicate felony Vickers' conviction upon guilty plea for third-degree assault in Alaska Superior Court Case No. 3AN-09-08165CR, for which Vickers was represented by counsel and sentenced to 24 months in jail. *Id.*; Docket No. 8 (SEALED) at 9; *see also* https://records.courts.alaska.gov/ (Case No. 3AN-09-08165CR).

At his arraignment in the instant case, Vickers pled not guilty, but he subsequently pled guilty without a plea agreement to the Felon in Possession of Ammunition charge on September 29, 2011. Docket Nos. 7, 45. In preparation for sentencing, the U.S. Probation Office prepared a pre-sentence investigation report ("PSR") which discussed in reference to Vickers' criminal history his 2009 third-degree assault conviction for shooting at an individual. Docket No. 8 (SEALED) at 9-10. At sentencing, Vickers confirmed that he personally reviewed the PSR and had discussed it with his attorney. Docket No. 80 at 3-4. This Court, through a previously-assigned district judge, sentenced Vickers to 33 months' imprisonment, to be followed by 3 years of supervised release. Docket No. 76 (3/1/2012 Judgment). Vickers did not appeal his conviction, and his conviction became final on March 15, 2012, when the time period for doing so lapsed. *See* FED. R. APP. P. 4(b)(1)(A); *United States v. Colvin*, 204 F.3d 1221, 1222-23 (9th Cir. 2000) (holding that § 2255 petitioner's federal conviction became final, for AEDPA purposes, when the time expired for him to file an appeal from the district court's amended Judgment & Commitment Order); *Clay v. United States*, 537 U.S. 522, 532 (2003). More than eight years later, Vickers filed the instant Petition, which is his first application for post-conviction relief in these proceedings. Docket No. 82.

II. GROUNDS/CLAIMS

In the *pro se* Petition before this Court, Vickers argues that: 1) plea counsel rendered ineffective assistance; 2) the Government committed misconduct in obtaining his plea; 3) he was deprived of due process because he was unaware of the elements of the charged offense when he entered his guilty plea; and 4) he is actually innocent of the crime to which he pled.

### III. STANDARD OF REVIEW

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

"In determining whether a hearing and findings of fact and conclusions of law are required, '[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief can be granted.'" *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). This Court need not hold an evidentiary hearing if the record conclusively shows that Vickers is either not entitled to relief or if, in light of the record, his claims are "palpably incredible or patently frivolous." *Id.* (citing *Schaflander*); *see United States v. Meija-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998) (same). Indeed, mere conclusory statements or statements that are inherently incredible in a § 2255 motion are insufficient to require a hearing. *See United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, when a court receives a § 2255 motion, the court must initially screen it, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. *See United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

### IV. DISCUSSION

Vickers was convicted under 18 U.S.C. § 922(g), which prohibits specified categories of persons from possessing firearms or ammunition. Nine categories of persons are subject to the

prohibition, including any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Another provision, 18 U.S.C. § 924(a)(2), provides that anyone who knowingly violates this prohibition may be fined or imprisoned for up to ten years. At the time Vickers was convicted, every federal court of appeals, including the Ninth Circuit Court of Appeals, had construed the "knowing" requirement to apply solely to the possession element and held that the prosecution was not required to prove knowledge of one's prohibited status. *See Rehaif v. United States*, 139 S. Ct. 2191, 2210 & n.6 (2019) (Alito, J., dissenting) (collecting cases). In other words, the Government could secure a felon-in-possession conviction by proving that the defendant knowingly possessed a firearm or ammunition, even if the defendant did not know that he had been convicted of a felony—defined under the statute as a crime punishable by more than one year in prison—or was otherwise within a category of persons barred from such legal possession. *See United States v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003) (holding that the knowledge requirement "only applies to the possession element of § 922(g)(1), not to . . . felon status").

In 2019, the Supreme Court decided *Rehaif*,[1] in which it held that "knowingly" applied both to the relevant conduct (possessing ammunition or a firearm) as well as the relevant status (falling into one of the nine categories), such that, "[t]o convict a defendant, the Government therefore mut show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. Because Vickers entered his guilty

---

[1] In that case, the defendant had entered the United States on an F-1 non-immigrant student visa. *Rehaif*, 139 S. Ct. at 2194. After he was academically dismissed, his immigration status was terminated. *Id.* Rather than departing the county, Rehaif remained and months later went to a shooting range where he purchased ammunition and rented a firearm. *Id.* Following a tip that Rehaif had been acting strangely, an FBI agent questioned Rehaif, who admitted firing firearms at the shooting range and knowing that his student visa was out of status because he was no longer a student. *Id.* At trial on the illegal possession charge, Rehaif argued that the Government was required to prove both that he knowingly possessed a firearm *and* that he knew he was illegally or unlawfully in the United States when he possessed the firearm. *Id.* at 2195. The Supreme Court agreed on direct appeal and reversed the judgment against Rehaif. *Id.* at 2199.

plea more than 7 years before *Rehaif* was issued, it does not appear that the Court, when accepting his plea, advised Vickers that knowledge of his status as a felon was an element of his offense. Vickers now challenges his conviction on that basis, faulting the prosecution and his plea counsel for the omission, as well as arguing that the omission deprived him of due process and renders him actually innocent of the crime. The Government identifies two procedural bars that are potentially applicable to Vickers's § 2255 Petition: 1) the Petition is untimely; and 2) Vickers procedurally defaulted his claims, which will be addressed in turn.

> **A.** *Timeliness*

The Government urges the Court to dismiss Vickers' Petition as untimely. A motion pursuant to 28 U.S.C. § 2255 must be filed within one year from the date on which the petitioner's conviction becomes final, unless an exception applies. 28 U.S.C. § 2255(f)(1). Judgment was entered in this case on March 1, 2012. Docket No. 102. The Supreme Court has held that a conviction is final in the context of habeas review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). Vickers did not appeal his conviction to the Ninth Circuit Court of Appeals, and thus his conviction became final 14 days later on March 15, 2012, when the time period for doing so lapsed. *See* FED. R. APP. P. 4(b)(1)(A); *United States v. Colvin*, 204 F.3d 1221, 1222-23 (9th Cir. 2000) (holding that § 2255 petitioner's federal conviction became final, for AEDPA purposes, when the time expired for him to file an appeal from the district court's amended Judgment & Commitment Order); *Clay v. United States*, 537 U.S. 522, 532 (2003). Vickers therefore had until March 15, 2013, to file his petition to vacate. The instant Petition is deemed filed on May 11, 2020, more than seven years after the deadline expired.

In response to this Court's order asking him to address the facial untimeliness of the Petition, Vickers responded that he had filed his Petition within one year of the date *Rehaif* was issued, and thus his Petition is timely pursuant to 28 U.S.C. § 2255(f)(3) (providing that the one-

year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Docket No. 89. The Government acknowledges that *Rehaif* may have created a new right that applies retroactively on collateral review,[2] but nonetheless argues that Vickers's ineffective assistance and prosecutorial misconduct claims are not *Rehaif*-based and therefore untimely. Docket No. 91 at 4-5. This Court, however, is required to liberally construe Vickers's *pro se* Petition. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Vickers's Petition, liberally construed, presents *Rehaif*-based claims that, in Grounds 1 and 2, fault plea counsel and the Government for failure to comply with *Rehaif*. Accordingly, Vickers' Petition is timely. *See Welch v. United States*, 136 S. Ct. 1257, 1264–66 (2016); *United States v. Valdez*, 195 F.3d 544, 546–47 (9th Cir. 1999), *overruled on other grounds by Dodd v. United States*, 545 U.S. 353 (2005)).

### B. *Procedural Default*

The Government also contends that Vickers procedurally defaulted his claims because he never sought to withdraw his guilty plea on the now-challenged basis, and he did not appeal. Docket No. 91 at 5-9. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (internal quotation omitted).

Vickers successfully demonstrates cause not to raise the issue of *Rehaif* by plea withdrawal motion or direct appeal. Because the status element in *Rehaif* ran contrary to all existing precedent, including that of the Ninth Circuit, at the time he entered his guilty plea, Vickers or his attorney could not be expected to invoke the principles of *Rehaif* prior to the

---

[2]  The U.S. Supreme Court has not expressly determined whether *Rehaif* should apply retroactively. Because the Government does not contest *Rehaif's* retroactivity, the Court will assume, without deciding, that *Rehaif* applies retroactively to Vickers's case.

decision's issuance.³ *Cf. Reed v. Ross*, 468 U.S. 1, 16 (1984) ("[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures.").

Vickers fails to demonstrate prejudice, however.⁴ In the context of a guilty plea, prejudice requires that a petitioner demonstrate "a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The record is devoid of any support for a finding that Vickers would not have pled guilty had he been informed of the *Rehaif* element.

Moreover, the record establishes that the Government would have been able to prove

---

³ Although ineffective assistance claims are not barred by procedural default, *Massaro v. United States*, 538 U.S. 500, 504 (2003), even assuming that Ground 1 could be construed as a free-standing ineffective assistance claim, Vickers would not be entitled to relief on it. As discussed above, Vickers cannot demonstrate that counsel should have been aware of the *Rehaif* element when his guilty plea was entered. *See Strickland v. Washington*, 466 U.S. 668, 696 (1984); *see also Sophanthavong v. Palmateer*, 378 F. 3d 859, 870 (9th Cir. 2004)("*Strickland* does not mandate prescience, only objectively reasonable advise under prevailing professional norms"); *Lowry v. Lewis*, 21 F. 3d 344, 346 (9th Cir. 1994)(counsel not ineffective because a "lawyer cannot be required to anticipate . . . decision" in a later case).

⁴ Notably, a defendant is not required to demonstrate prejudice to obtain relief where the error is deemed structural. *See United States v. Marcus*, 560 U.S. 258, 263 (2010) ("[C]ertain errors, termed structural errors, might affect substantial rights regardless of their actual impact on an appellant's trial."). While the Ninth Circuit has not yet addressed in a published opinion whether omission of the *Rehaif* element is structural error, it has held that the error is not structural in at least one unpublished decision. *See United States v. Jackson*, Nos. 19-10277, 10278, 2020 WL 7624842, at *1 n.1 (9th Cir. Dec. 22, 2020). Moreover, the majority of Circuit Courts of Appeal that have addressed the issue have concluded that the error is not structural. *See United States v. Nasir*, 982 F.3d. 144, 171 n.30 (3d Cir. 2020); *United States v. Coleman*, 961 F.3d 1024, 1030 (8th Cir. 2020); *United States v. Payne*, 964 F.3d 652, 657 (7th Cir. 2020); *United States v. Lavalais*, 960 F.3d 180, 187 (5th Cir. 2020); *United States v. Trujillo*, 960 F.3d 1196, 1207 (10th Cir. 2020); *see also United States v. Watson*, 820 F. App'x 397, 400 (6th Cir. 2020) (unpublished disposition). *But see United States v. Gary*, 954 F.3d 194, 206 (4th Cir. 2020). The Court agrees with the well-reasoned opinions of these courts and must conclude that a *Rehaif* error does not fall within the limited class of errors the Supreme Court has found to be structural. *See Marcus*, 560 U.S. at 263 ("structural errors are a very limited class of errors that affect the framework within which the trial proceeds, such that it is often difficult to assess the effect of the error").

beyond a reasonable doubt that Vickers knew that he was a felon at the time he possessed the ammunition. As he pled guilty to the offense of Felon in Possession, it appears that Vickers did not dispute his status as a convicted felon at the time of the offense. Likewise, his PSR discussed the predicate offense—his 2009 conviction for felony assault in connection with his shooting at a person from a car window. At sentencing, Vickers acknowledged that he personally had reviewed the PSR and discussed it with his attorney. There is also no suggestion that Vickers was prejudiced in any other way, such as at sentencing.

Vickers's corresponding claim of actual innocence fails for the same reason, and there are no alternative reasons Vickers might claim actual innocence. Although Vickers argues that he "lacked the knowledge that [he] was barred from the possession of ammunition," Docket No. 82 at 4, *Rehaif* requires only that a defendant "knew he belonged to the relevant category of persons barred from possessing [ammunition]," 139 S. Ct. at 2200. It cannot be said that *Rehaif* requires the Government to also prove that a defendant knew his or her status prohibited ammunition ownership or possession. *See United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020) ("[The defendant] contends that *Rehaif* requires the Government to prove he knew not only his status, but also that he knew his status prohibited him from owning a firearm. But this interpretation is not supported by *Rehaif* . . . ."). As the Ninth Circuit has recognized, "Such an interpretation goes against the plain language of the statute and the Supreme Court's textual analysis of 'knowingly' in § 924(a)(2) . . . [and] would improperly raise the scienter requirement of § 924(a)(2) from 'knowingly' to 'willfully.'" *Id.* Accordingly, Vickers has failed to overcome procedural default, and the Court denies his § 2255 Petition on that basis.

## C. *Evidentiary Hearing*

Vickers further requests that an evidentiary be held in this matter. If a district court finds that a petitioner has satisfied his pleading and preliminary evidentiary burden, and the Government has offered conflicting evidence, the "court must grant a hearing to determine the validity of a petition brought under section 2255, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. *See Howard*, 381 F.3d at 877.[5] If, however, the petitioner's allegations, viewed against the record, fail to state a claim for relief, or "are so palpably incredible or patently frivolous as to warrant summary dismissal," an evidentiary hearing need not be held. *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996).

Vickers has not presented a factual dispute in this case. In light of the record, this Court should determine that an evidentiary hearing is unnecessary. *See* 28 U.S.C. § 2255(b) (no evidentiary hearing required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993); *cf. Gonzalez v. Knowles*, 515 F.3d 1006, 1014 (9th Cir. 2008) (holding that claims grounded in speculation unsupported by the existence of any quantum of evidence do not entitle a § 2254 petitioner to an evidentiary hearing).

## V. CONCLUSION AND ORDER

Vickers is not entitled to relief on any ground raised in his Petition, nor is he entitled to an evidentiary hearing.

---

[5] To meet his evidentiary burden, the petitioner may rely on the files and records of the case, including transcripts of the trial and any pre-trial hearings. Where the record does not address the facts upon which he relies, the petitioner may supplement the record by filing affidavits or declarations pursuant to 28 U.S.C. § 1746.

**IT IS THEREFORE ORDERED THAT** the Motion to Vacate under 28 U.S.C. § 2255 at Docket No. 82 is **DENIED**.

**IT IS FURTHER ORDERED THAT** Vickers's request for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to grant a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly in Civil Case No. 3:20-cv-00116-JKS.

Dated: February 18, 2021.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge